IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GABRIEL FRANCIS TORO,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DR. JEFFREY ASAO, et al.,<br><br>　　　　　　Defendants. | Civil Action<br>No. 20-2282 (NLH) (AMD)<br><br>**OPINION** |

APPEARANCES:

Gabriel Francis Toro
66824-050
Loretto
Federal Correctional Institution
Inmate Mail/Parcels
P.O. Box 1000
Cresson, PA 16630

　　Plaintiff pro se

**HILLMAN, District Judge:**

　　1.　Plaintiff Gabriel Francis Toro is a convicted and sentenced federal prisoner currently confined in FCI Loretto, Pennsylvania. He is proceeding in forma pauperis with a civil rights complaint filed pursuant to Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 et seq. He has also moved for the appointment of pro bono counsel. ECF No. 2.

2. At this time, the Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from suit. Having completed this screening, the Court will permit the complaint to proceed in part.

3. The Court will grant Plaintiff's motion for the appointment of counsel.

4. Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding in forma pauperis, see 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, see 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, see 42 U.S.C. § 1997e. The PLRA directs district courts to sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.

5. This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915 because Plaintiff is a prisoner proceeding in forma pauperis.

6.   In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  According to the Supreme Court's decision in Ashcroft v. Iqbal, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

7.   To survive sua sponte screening for failure to state a claim,[1] the complaint must allege "sufficient factual matter" to show that the claim is facially plausible.  Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting Iqbal, 556 U.S. at 678).

---

[1] "[T]he legal standard for dismissing a complaint for failure to state a claim . . . is identical to the legal standard employed in ruling on 12(b)(6) motions."  Courteau v. United States, 287 F. App'x 159, 162 (3d Cir. 2008) (citing Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000)).

3

8. Moreover, while pro se pleadings are liberally construed, "pro se litigants still must allege sufficient facts in their complaints to support a claim." Mala v. Crown Bay Marina, Inc., 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

9. Plaintiff alleges he was denied adequate medical care for a broken jaw while he was confined in FCI Fort Dix, New Jersey. He also alleges prison officials failed to protect him, failed to supervise their subordinates, and retaliated against him by transferring him to a different facility. Construing the complaint liberally and giving Plaintiff the benefit of all reasonable inferences, the Court concludes he has satisfactorily alleged Eighth Amendment denial of medical care, failure to protect, and failure to supervise claims.

10. Plaintiff further alleges that Associate Warden Smith, Warden Ortiz, Counselor Moore, Case Manager C. Lee, Unit Manager Jae Doe D, Captain Jae Doe F, and Officer Jae Doe I retaliated against him by transferring him from FCI Fort Dix to a facility further from his family. ECF No. 1-2 at 11.

11. The Court is constrained to dismiss Plaintiff's retaliation claims for failure to state a claim. In Ziglar v. Abbasi, the Supreme Court concluded "that expanding the Bivens remedy is now a 'disfavored' judicial activity." 137 S. Ct. 1843, 1857 (2017). "The Supreme Court has never implied a

4

Bivens action under any clause of the First Amendment." Vanderklok v. United States, 868 F.3d 189, 198 (3d Cir. 2017); see also Reichle v. Howards, 566 U.S. 658, 663 n.4 (2012) ("We have never held that Bivens extends to First Amendment claims.").

12.   The Third Circuit has thus far held that Ziglar prevents First Amendment retaliation claims against federal employees from going forward.  See Mack v. Yost, 968 F.3d 311 (3d Cir. 2020) (declining to extend Bivens to First Amendment retaliation claims brought in the prison workplace assignment context); Watlington on behalf of FCI Schuylkill African Am. Inmates v. Reigel, 723 F. App'x 137, 140 n.3 (3d Cir. 2018) (citing Vanderklok).  Because current Third Circuit case law does not recognize a Bivens action for retaliation by federal employees, the Court must dismiss the retaliation claim.

13.   Similarly, the Court must dismiss Plaintiff's due process claim based on his transfer.  "[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner."  Sandin v. Conner, 515 U.S. 472 (1995).  Liberty interests under the Due Process Clause are "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant

5

hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484 (internal citations omitted).

14. The Bureau of Prisons is tasked with determining the most suitable location for Plaintiff to serve his federal sentence. See 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment ...."). It is well settled that an inmate "has no justifiable expectation that he will be incarcerated in any particular State." Olim v. Wakinekona, 461 U.S. 238, 245 (1983). "There is no reason to apply a different rule to the transfer of a prisoner from one location to another within the federal system." Burke v. Romine, 85 F. Appx. 274, 277 (3d Cir. 2003).

15. According to the documents submitted with the complaint, the BOP determined that Plaintiff "could not safely remain at FCI Fort Dix" following the assault and "transferred [him] to another institution, commensurate with [his] security needs." ECF No. 1-3 at 12. Nothing in the complaint suggests the transfer was an atypical or significant hardship on Plaintiff in relation to the ordinary incidents of prison life.

16. The complaint also seeks to bring medical malpractice and negligence claims against defendants. These claims may only be brought against the United States under the Federal Tort Claims Act ("FTCA"). See 28 U.S.C. § 2679(b)(1); Osborn v. Haley, 549 U.S. 225, 229 (2007) ("The Federal Employees

6

Liability Reform and Tort Compensation Act of 1988, commonly known as the Westfall Act, accords federal employees absolute immunity from common-law tort claims arising out of acts they undertake in the course of their official duties."); Lomando v. United States, 667 F.3d 363, 378 (3d Cir. 2011) (citing H.R. Rep. No. 100-700, at 6, 1988 U.S.C.C.A.N. 5945 at 5950). To that end, the medical malpractice and negligence claims against the individual defendants are dismissed.

17. Plaintiff has submitted his notice of claim form. ECF No. 1-3 at 27. Therefore, the Court will preliminarily exercise jurisdiction over the FTCA claims.[2]

18. The Court turns now to Plaintiff's motion for the appointment of counsel. ECF No. 2. Indigent persons raising civil rights claims have no absolute right to counsel. See Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). As a threshold matter, there must be some merit in fact or law to the claims the plaintiff is attempting to assert. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993). As the Court is permitting the complaint to proceed, it will analyze the remaining Tabron factors.

---

[2] The Court's preliminary exercise of jurisdiction over the FTCA claim shall not prevent the United States from raising any affirmative defenses after it has been served.

7

19. In determining whether to appoint counsel, a court considers the following: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; and (6) whether the plaintiff can attain and afford counsel on his own behalf. See id. at 155-56, 157 n.5; see also Cuevas v. United States, 422 F. App'x 142, 144-45 (3d Cir. 2011) (reiterating the Tabron factors).

20. The Tabron factors weigh in favor of the appointment of counsel. Plaintiff has filed Bivens and FTCA claims concerning his medical treatment at FCI Fort Dix, New Jersey. Resolution of these issues could be complex, will rely on the parties' credibility, and will likely require expert testimony and significant discovery. It is unlikely that Plaintiff will be able to conduct discovery without the assistance of counsel. Finally, Plaintiff cannot afford counsel on his own.

21. The complaint shall proceed, and counsel shall be appointed for Plaintiff.

22. An appropriate order follows.

| | |
|---|---|
| October 9, 2020 | s/ Noel L. Hillman |
| Date | NOEL L. HILLMAN |
| At Camden, New Jersey | U.S. District Judge |

8